## FIRST NAT. BANK IN ST. LOUIS v. UNITED STATES.

### No. 7981.

District Court, E. D. Missouri, E. D.
Sept. 23, 1932.

Jones, Hocker, Sullivan & Gladney, of St. Louis, Mo., for plaintiff.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo.

FARIS, District Judge.

Defendant, United States (of America, I assume), demurs to the amended supplemental petition of plaintiff, for that (a) the amended petition states no cause of action against the defendant; (b) that this court has no jurisdiction to review the official acts of the Commissioner of Internal Revenue, in the matter of his either granting or denying a special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093); and (c) because the claim for refund filed (as an exhibit to the petition) specifies, as the sole ground for such refund, the refusal by the Commissioner of Internal Revenue to grant a special assessment under sections 327 and 328, supra.

The petition is in two counts. The demurrer covers the petition generally, without reference to any count specifically. Both sides seem to rely upon an erroneous view of the law of this state, in the matter of the power of this court to consider on demurrer, in a case at law, evidentiary items, papers, and documents, attached to the petition merely as exhibits. The case of Hubbard v. Slavens, 218 Mo. 598, 117 S. W. 1104, categorically says that a trial court cannot resort to exhibits in a law case, either to uphold or strike down a petition on demurrer. I know of no rule of law which renders the defendant immune in the matter of compliance with this practice, which is so well settled in this state. When the United States of America comes into court, it comes, so far as regards practice and procedure, just as any other litigant; it is not to be hedged about by any attribute of a sacrosanct character. It will require a constitutionally valid statute to change the rule, and there is none in existence, either valid or invalid. Hence I cannot here legally notice, or take into consideration, the Exhibit A, which purports to set out a copy of the plaintiff's application for a refund.

In passing, however, I think, if I should do so, I might well conclude that it is a mere request for a special assessment, under sections 327 and 328, supra, and therefore not sufficient in law. Bemis Bros. Bag Co. v. United States (C. C. A.) 60 F.(2d) 944, decided August 29, 1932.

But returning to the points of the demurrer, and assuming that each point urged applies to each of the two counts pleaded, it is plain to me that the second count pleaded is bad, for that it is bottomed upon an account stated. The trouble with this alleged foundation for jurisdiction in this court is twofold: First, there is no allegation in the petition that the certificate of overassessment, alleged to have been written out and signed (and presumably left on his desk) by the former Commissioner of Internal Revenue, was ever delivered to plaintiff, or to any one for plaintiff, or even to the collector. Surely, before a certificate of overassessment can be valid as against the United States, such certificate must either be delivered to him claiming an overassessment, or to some one for him, or sent to the collector for delivery or use by the latter in minimizing taxes, or for a credit, in favor of the taxpayer.

So, I am constrained to the conclusion that a petition which merely says that a certificate of overassessment was made out and signed, but which pleads no further action thereon, therewith or thereby, save to allege that the successor of the Commissioner of Internal Revenue, who so signed such certificate, undertook to cancel it, is bad. Second, I am very doubtful whether I have jurisdiction to enforce an account stated, in a case wherein more than the sum of $10,000 is involved. Resort, in such cases, seems uniformly to have been had to the Court of Claims, which I think would have jurisdiction. While this court has jurisdiction in matters of actions to compel refund of taxes unjustly and unlawfully exacted and collected, yet, when the fact of illegal exaction and collection and the right to a refund, with the amount thereof, are agreed to between the United States and the taxpayer, an account stated arises, and suit upon it can, in my opinion, be maintained (when the amount claimed exceeds $10,000) only in the Court of Claims.

Count 2 of the petition has no earmarks, except incidentally, of an action to compel refund of taxes overpaid; so it must be, if anything, an action on an account stated. So, for these reasons, the demurrer to the second count is well taken, and should be sustained.

I am of opinion, also, that the demurrer to the first count is well taken. It fails to set out or plead any sufficient application for a refund. It neither copies into its body, nor states in sufficient or definite substance, the grounds or reasons for the refund applied for. The most that seems to be pleaded as the substance of the application for a refund (and this view is corroborated and strengthened by a sly but unwarranted glance at Exhibit A, in propria persona) is that the Commissioner of Internal Revenue will grant all of the relief possible, and that he will make a redetermination under sections 327 and 328, supra, and then pay back any amount found to have been overpaid by the taxpayer.

The case of Williamsport Wire Rope Company v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, seems to be an authority for the view that a determination of capital by a special assessment, under sections 327 and 328, supra, is so far within the discretion of the Commissioner of Internal Revenue as that a court may not review his refusal to grant it. As already said, in the final analysis, the application for a refund is in all material respects nothing but a request for a special assessment, which the Commissioner of Internal Revenue refused to make. But it may be fairly gathered from the face of the petition that the Commissioner was able to ascertain invested capital without the necessity of recourse to sections 327 and 328, supra, or, at least, that he deemed himself able to do so, and, in fact, did so. That he may have ascertained the amount of this capital incorrectly instead of correctly, that is, that he may have found it to be less than it actually was, is beside the point. If he found invested capital to be less than the facts warranted, if he found borrowed capital to have been less than it actually was, if he failed properly to consider bad debts or obsolescence, the application for a refund could well have so stated and thus have pointed out the precise nature of the error, and shown the precise ground for the refund requested.

Something is pleaded as to the estoppel of the Commissioner by acts done in pais. But this action is against the United States, and I think it is well settled that estoppel of the United States may not ordinarily be bottomed on acts done in pais by its officers. Of course, when the United States once gets into court, its attorneys and

its officers, therein acting for it and representing it, may estop it of record.

Without further, I am of opinion that the petition is bad as to both counts. I think it offends against the local statutory rule, for that it is not a plain and concise statement of the facts constituting the cause of action sought to be set up. To be such, it might well have stated (a) the ground of jurisdiction (if not noticed by the court, or if depending upon a factual matter); (b) the facts as to venue; (c) the capacity of plaintiff to sue (and, if necessary, the liability of the defendant to be sued); (d) the facts as to the assessment and collection of the tax sought to be recovered, with the year of accrual, and the amount of the tax, and the date of payment thereof; (e) whether paid under protest (if the statute applicable requires protest) and the duress (when protest is required), if any, which compelled payment; (f) the precise facts which rendered the assessment invalid, or the collection unlawful; (g) the fact of timely application for a refund, which should fairly and substantially recite the grounds which rendered the assessment invalid, or the collection unlawful; (h) the fact of a refusal to refund; and (i) a prayer for judgment.

No reason exists for the pleading of evidence, but only of ultimate facts. I am not saying that the above rules are violated here, or, if they were, that such violation would render the petition demurrable, but I am saying that some such orderly marshaling of pleaded facts would add much to the convenience of the courts which are called on to consider these very troublesome and involved cases, on demurrer.

An order may be entered sustaining the demurrer of defendant as to each count of the petition.